UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 JUN 21  PM 12: 42

BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| KINDRED NURSING CENTERS EAST, LLC d/b/a KINDRED TRANSITIONAL CARE AND REHABILITATION – BIRCHWOOD TERRACE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 5:16-cv-73 |
| ESTATE OF BARBARA L. NYCE, KINSLEY F. NYCE, and ROGER G. NYCE, | ) ) ) ) | |
| Defendants. | ) ) | |

**OPINION AND ORDER**
(Docs. 17, 24)

In this diversity-jurisdiction case—removed from Vermont Superior Court—Plaintiff

Kindred Nursing Centers East, LLC d/b/a Kindred Transitional Care and Rehabilitation-

Birchwood Terrace ("Birchwood") sues the Estate of Barbara L. Nyce (the "Estate"), as well as

Barbara Nyce's sons Kinsley F. Nyce, and Roger G. Nyce, claiming that Birchwood provided

Barbara with skilled nursing care until her death on May 25, 2015, but that Defendants failed to

make payment in full or secure Medicaid benefits as required by Barbara's Admission

Agreement.  (Doc. 5.)[1]  Birchwood asserts two causes of action.  First, Birchwood claims that

Defendants breached the Admission Agreement by failing to provide information to the Vermont

Department of Children and Families (DCF), required for the assignment of Medicaid benefits to

Birchwood.  Second, Birchwood claims that Defendants violated the Vermont Uniform

Fraudulent Transfer Act, 9 V.S.A. § 2285, et seq., by transferring Barbara's funds and real

_____

[1] For simplicity, the court refers to Barbara Nyce and to her sons by their first names.

property to Kinsley and Roger. The Estate—represented by its counsel Renee L. Mobbs, Esq.—has filed cross-claims against Kinsley and Roger, alleging breach of fiduciary duty, conversion, and embezzlement, and seeking an accounting, a declaratory judgment voiding the transfer of property, and a constructive trust. (Doc. 20.)

Currently pending are two motions filed by Kinsley. First is Kinsley's Rule 12(b)(6) motion, in which he argues that Birchwood has no direct action against him or Roger for failure to secure Medicaid payment, and that Birchwood's fraudulent-transfer claim fails because all of Birchwood's claims against Barbara abated at her death. (Doc. 17.) Kinsley has also filed a Rule 12(b)(1) motion, arguing that, under the "probate exception," the court lacks subject-matter jurisdiction over the Estate's cross-claims against him. (Doc. 24.) The court heard argument on the motions on June 6, 2016, at which time the motions were taken under advisement.

## Background

The allegations in Birchwood's Complaint include the following. At all times relevant, Roger and Kinsley acted as attorneys-in-fact for their mother, Barbara, under a general durable power of attorney executed on September 5, 2006 (the POA). Barbara was admitted to Birchwood's skilled-nursing facility on or about March 18, 2014, and was a resident there until her death on May 25, 2015.

On or about March 18, 2014, in connection with her admission to Birchwood, Barbara entered into a written Admission Agreement with Birchwood. Under the terms of the Admission Agreement, Birchwood agreed to provide Barbara with skilled nursing services and other items in exchange for, among other things, the promise to pay Birchwood for services and care rendered, to secure third party payor sources such as Medicaid to pay for the cost of her care, and to assign all Medicaid benefits to Birchwood. Also under the Admission Agreement, any and all

rights to receive third-party payments, including Medicaid, were assigned to Birchwood. Barbara also agreed to inform Birchwood of any changes in her assets and also to pursue obtaining Medicaid coverage on her behalf.

After her admission, an application for Medicaid long-term care benefits was filed on her behalf with DCF.  According to DCF, in the 60 months prior to her admission, Barbara owned: (a) certificates of deposit (CDs) with Citizen's Bank (Citizen's) jointly with Roger and Kinsley; (b) a retirement account with Citizen's; (c) CDs with People's United Bank (People's) jointly owned with Roger or Kinsley; (d) a checking account with People's owned jointly with Roger and Kinsley; and (e) a money market account with People's.  In response to a verification request by DCF, Birchwood requested all statements for those accounts.

On or about May 8, 2015, Birchwood discovered that at least $176,506.35 of Barbara's funds, held individually at People's, were withdrawn by and paid to Kinsley and Roger on June 19, 2014.  Birchwood also learned that at least $440,089.22 of funds held jointly with Barbara were withdrawn by and paid to Kinsley and Roger.  In addition, Birchwood discovered that approximately $119,484.50 held by Citizen's were withdrawn by and paid to Kinsley or Roger.

According to a Jointly Held Liquid Resource Statement prepared by Defendants on January 18, 2015 and submitted to DCF, the funds from the Citizen's Bank CDs were "no longer available" because "the funds have so far as is known been utilized for the life needs of Barbara L. Nyce." (Doc. 5-16 at 34.) The statement further indicated that Barbara also maintained a house and "was most demanding that the house, taxes, services, third party maintenance and work and all similar elements be maintained for her return to the residence.  All of these costs as well as the predatory practices of several persons in the greater Burlington area substantially

3

depleted Barbara's funds." (*Id.*) On or about March 3, 2015, DCF sent a verification request seeking proof to substantiate the claims in the Jointly Held Liquid Resource Statement. DCF further requested proof of the disposition of the People's accounts. After extensions of time, the deadline for providing verifications was October 7, 2015. As of the date the Complaint's verification was signed, September 25, 2015, no additional information had been provided to DCF.

Birchwood provided Barbara with skilled nursing care and other services and items from the date of her admission through the date of her death on May 25, 2015. Defendants failed to make payment in full to Birchwood on Barbara's behalf, and failed to secure Medicaid benefits.

On or about August 20, 2014, five months after Barbara's admission to Birchwood, she transferred her interest in her Shelburne, Vermont property to Kinsley and Roger for consideration of $10. At the time of that transfer, Barbara owed Birchwood over $31,440.03. As a result of Defendants' failure to make payment in full or to secure Medicaid benefits, an outstanding balance of $137,586.92 is owed to Birchwood.

## **Analysis**

### I.      **Kinsley's Rule 12(b)(6) Motion**

#### A.      **Rule 12(b)(6) Standard**

To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate when "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000).

4

### B.     Breach-of-Contract Claim

In its breach-of-contract claim, Birchwood asserts that Kinsley had an obligation to timely qualify Barbara for Medicaid benefits in accordance with the terms of the Admission Agreement, as well as an obligation to provide the requested verification information necessary to pursue Barbara's Medicaid eligibility. (Doc. 5 ¶ 37.) Birchwood asserts that Kinsley breached that agreement by failing to provide the requested information to DCF. (*Id.* ¶ 38.) Birchwood seeks a decree of specific performance requiring Defendants to produce the necessary information to DCF by the October 7, 2015 deadline. (*Id.* ¶ 41.)

In his Motion to Dismiss, Kinsley asserts that the requested injunctive relief is "long moot." (Doc. 17 at 1.) At the June 6, 2016 hearing, Birchwood conceded that Barbara was ineligible for Medicaid during her stay at Birchwood because her substantial assets were concealed from DCF. Birchwood's breach-of-contract claim is therefore dismissed as moot, and Kinsley's motion to dismiss that claim is also moot.

### C.     Fraudulent-Transfer Claim

Kinsley asserts that Birchwood has failed to state a fraudulent-transfer claim against him because Birchwood's claims against Barbara abated at her death, and because, as a result, there is no predicate injury for any fraudulent-transfer claim. (Doc. 17 at 2.) Birchwood argues that, since Kinsley is not the executor or administrator of Barbara's estate, he lacks standing to argue that Birchwood's claims abated upon her death. (Doc. 22 at 1–2.) Birchwood further contends that, in any case, its claims did not abate upon Barbara's death. (*Id.*)

The court agrees with Birchwood's latter argument.[2] It is true that Birchwood did not file this action until after Barbara's death. That might have been an impediment under the "harsh

---

[2] It is therefore unnecessary to reach Birchwood's lack-of-standing argument.

common law rule that personal tort actions die with the person of the plaintiff or the defendant." *Whitchurch v. Perry*, 137 Vt. 464, 468, 408 A.2d 627, 630 (1979).  But Vermont has enacted survival statutes that abrogate that harsh rule.  *Id.*

Under 14 V.S.A. § 1453, "[t]he causes of action mentioned in sections 1451 and 1452 of this title shall survive" and "[a]ctions based thereon may be commenced and prosecuted by or against the executor or administrator."  Birchwood's fraudulent-transfer claim survives because it is an "action[] of tort on account of the wrongful conversion of personal estate" or for "damages done to real or personal estate" as contemplated by § 1451.  *Cf. Thrasher v. Melvin*, No. 2:07-cv-53, 2008 WL 2434224, at *3 (D. Vt. June 12, 2008) (claims of breach of fiduciary duty and fraud by trustee survived trustee's death under § 1451); *Estate of Nancy B. Alden v. Dee*, No. 427-12-06 Bncv, 2009 WL 6356587 (Vt. Super. Ct. Nov. 3, 2009) (claims of misappropriation of trust funds by trustee survived the trustee's death under § 1451).  Since the fraudulent-transfer claim survives, Birchwood is entitled to commence and prosecute it against the Estate's executor or administrator.

Although several sections of Vermont's survival statutes mention actions commenced in the lifetime of the deceased or before death, none of those provisions alter the rule in § 1453. Section 1401 provides:

> An executor or administrator may commence, prosecute or defend, in the right of the deceased, actions which survive to such executor or administrator and are necessary for the recovery and protection of the property or rights of the deceased *and* may prosecute or defend such actions commenced in the lifetime of the deceased.

14 V.S.A. § 1401 (emphasis added).  That language makes it clear that an executor or administrator may defend actions which survive, whether or not the actions were commenced in the lifetime of the deceased.

Section 1417 provides:

> A person having a contingent or other claim against a deceased person may prosecute the same against the executor, administrator, heirs, devisees or legatees. *In such case, an action commenced against the deceased before death may be prosecuted to final judgment.* A claimant having a lien on the real or personal estate of the deceased, by attachment previous to death, on obtaining judgment, may have execution against such real or personal estate.

14 V.S.A. § 1417 (emphasis added). The emphasized language does not require that a claim be filed before death in order for that claim to survive. As interpreted by the Vermont Supreme Court, § 1417 is "procedural, not substantive"; it merely "specifies the proper procedure if a claim against a decedent otherwise survives." *State v. Therrien*, 161 Vt. 26, 30, 633 A.2d 272, 274 (1993). Section 1417 says nothing about what actions actually survive; rather, §§ 1451 and 1452 provide the substantive law on that issue. As noted above, Birchwood's action survives under § 1451.

The final sentence of § 1453 provides that when actions based on §§ 1451 and 1452 "are commenced in the lifetime of the deceased, after death the same may be prosecuted by or against the executor or administrator where by law that mode of prosecution is authorized." 14 V.S.A. § 1453. That language also does not require that there be a pending claim in order for an action to survive. It merely authorizes the executor or administrator to prosecute or defend claims that were pending during the decedent's lifetime. The court therefore rejects Kinsley's claim that Birchwood's fraudulent-transfer claim did not survive.

The court also rejects Kinsley's alternative argument that Birchwood cannot establish a fraudulent-transfer claim against him because he was not a debtor of Birchwood's. (Doc. 17 at 4; Doc. 23 at 3.) Kinsley relies upon *Becker v. Becker*, 138 Vt. 372, 416 A.2d 156 (1980), for the proposition that the first essential element of fraudulent transfer is that the defendant be the "debtor." (Doc. 23 at 3.) The Vermont Supreme Court in that case stated that a plaintiff

asserting a fraudulent-conveyance claim needed to establish, among other things, "that there existed a right, debt or duty owed to her by the defendant." *Id.* at 375, 416 A.2d at 159.

*Becker* was decided before Vermont adopted the Uniform Fraudulent Transfer Act (UFTA) in 1996, now codified at 9 V.S.A. § 2285, et seq.  Thus, as the court observed in *In re Montagne*, the four *Becker* factors are "not germane" to a fraudulent-transfer claim under the current fraudulent-transfer statute, and the current statute "sets forth a new fraudulent transfer standard." *In re Montagne*, 417 B.R. 232, 241 (Bankr. D. Vt. 2009).  Whatever force Kinsley's argument might have had prior to the adoption of the UFTA, the current statute explicitly contemplates that a transferee may be a defendant: the transferee may raise defenses (which would be unnecessary if the transferee could not be a defendant), and may have a judgment entered against him.  *See* 9 V.S.A. §§ 2291 (discussing creditors' remedies, including attachment of transferee's property or injunction against transferee); 2292 (discussing defenses, liability, and protection of transferee).[3]  Here, even if Kinsley is not a debtor, he is allegedly a transferee and may be a defendant for the purposes of the fraudulent-transfer claim.

---

[3] Courts applying the UFTA have reached the same conclusion.  *See Montagne*, 417 B.R. at 242 (where complaint properly identified a "debtor" and a "transfer," there was a basis for granting relief against the transferee); *The 1973 William C. Alden Trust v. Dee*, No. 427-12-06 Bncv, 2009 WL 6356589 (Vt. Super. Ct. Feb. 19, 2009) (granting motion to amend counterclaim to include alleged transferees of fraudulent conveyances as defendants); *accord Tanaka v. Nagata*, 868 P.2d 450, 454 (Haw. 1994) (per curiam) (noting, in case involving UFTA as adopted in Hawaii, that "it is clearly necessary to have the alleged fraudulent transferee before the court in order to bind him").

II.     **Kinsley's Rule 12(b)(1) Motion**

A.     **The Estate's Cross-Claims**

The Estate alleges that the September 5, 2006 POA was "springing," in that it would only become effective upon Barbara's "disability." (Doc. 20 at 6, ¶ 2.) According to the Estate, no circumstances ever triggered the POA to spring into effect. The Estate further alleges that the actions of Roger and Kinsley as described in Birchwood's Complaint exceeded the scope of authority granted in the POA. As noted above, the Estate asserts cross-claims against Kinsley and Roger, alleging breach of fiduciary duty, conversion, and embezzlement, and seeking an accounting, a declaratory judgment voiding the transfer of property, and a constructive trust.

B.     **Action in Probate Court**

The Estate was opened in July 2015 as a small estate in the Vermont Superior Court, Chittenden Probate Division; the case is docketed *In re: Estate of Barbara A. Nyce*, No. 936-7-15 Cnpr. According to Kinsley, the current executor, Attorney Robert Brazil, is "completely unknown" to the Nyce family, and it was Birchwood that submitted his name to serve as executor. (Doc. 24 at 4.) The action in probate court is ongoing with motions pending, including Kinsley's motion to remove Attorney Brazil as executor and Attorney Mobbs as estate counsel. (*See id.*)

C.     **Rule 12(b)(1) Standard**

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it . . . .'" *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). On a Rule 12(b)(1) motion, the court accepts as true "'all material allegations of the complaint[]

and . . . construe[s] the complaint in favor the complaining party.'" *Id.* (first brackets in original)

(quoting *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir.

2008)). "In deciding a Rule 12(b)(1) motion, the court may also rely on evidence outside the

complaint." *Id.*

###### D.    **"Probate Exception" to Federal Jurisdiction**

"The 'probate exception' is an historical aspect of federal jurisdiction that holds 'probate

matters' are excepted from the scope of federal diversity jurisdiction." *Lefkowitz v. Bank of New

York*, 528 F.3d 102, 105 (2d Cir. 2007) (citing *Marshall v. Marshall*, 547 U.S. 293, 308 (2006)).

"[T]he probate exception 'reserves to state probate courts the probate or annulment of a will and

the administration of a decedent's estate; it also precludes federal courts from endeavoring to

dispose of property that is in the custody of a state probate court.'" *Id.* (quoting *Marshall*,

547 U.S. at 311–12). "The probate exception does not, however, 'bar federal courts from

adjudicating matters outside those confines and otherwise within federal jurisdiction.'" *Id.*

(quoting *Marshall*, 547 U.S. at 312). Although the Second Circuit previously interpreted the

probate exception broadly, *Marshall* narrowed the exception: now, "so long as a plaintiff is not

seeking to have the federal court administer a probate matter or exercise control over a res in the

custody of a state court, if jurisdiction otherwise lies, then the federal court may, indeed must,

exercise it." *Id.* at 106.

Kinsley asserts that this court lacks jurisdiction under the "probate exception."  He says

that each of the six counts brought by the Estate against him seek to recover property that the

Estate contends was wrongly transferred, and that all of those issues "are traditionally subject to

resolution under the plenary jurisdiction of the Probate Division under Vermont law." (Doc. 24

at 2.)  According to Kinsley, the probate exception prevents federal courts from ruling on issues

related to the administration of a decedent's estate, and the relief sought in the cross-claims would "inject" this court into that administration.  (Doc. 29 at 2.)  The Estate maintains that the cross-claims do not involve the administration of the Estate.  (Doc. 28 at 2.)

The court concludes that the probate exception does not apply in this case.  The exception requires more than a claim that the Estate's cross-claims might "intertwine" with the litigation proceeding in the Chittenden Probate Division; it cannot be used to dismiss "'widely recognized tort[s]' such as breach of fiduciary duty or fraudulent misrepresentation."  *Lefkowitz*, 528 F.3d at 108 (quoting *Marshall*, 547 U.S. at 296).  The cross-claims are precisely those sorts of "widely recognized torts."  Adjudicating those claims will not involve administering any probate matter or exercising control over a res in the custody of the Chittenden Probate Division.

**Conclusion**

Kinsley Nyce's Rule 12(b)(6) Motion to Dismiss Birchwood's claims against him (Doc. 17) is DENIED with respect to Birchwood's fraudulent-transfer claim, and DENIED as moot with respect to Birchwood's breach-of-contract claim.

Kinsley Nyce's Rule 12(b)(1) Motion to Dismiss the Estate's cross-claims against him (Doc. 24) is DENIED.

Dated at Rutland, in the District of Vermont, this 20 day of June, 2016.

Geoffrey W. Crawford, Judge
United States District Court