U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 OCT -3 PM 2: 37

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

KINDRED NURSING CENTERS EAST, )
LLC d/b/a KINDRED TRANSITIONAL )
CARE AND REHABILITATION – )
BIRCHWOOD TERRACE, )
)
    Plaintiff, )
)
v. )    Case No. 5:16-cv-73
)
ESTATE OF BARBARA L. NYCE, )
KINSLEY F. NYCE, and ROGER G. )
NYCE, )
)
    Defendants. )

## OPINION AND ORDER
(Doc. 110)

This case concerns claims by the estate of Barbara Nyce that her sons drained her bank accounts and persuaded her to transfer her home to them during her lifetime in order to avoid any obligation to pay for the cost of her nursing home care.

The lawsuit is filed in federal court on diversity grounds. Plaintiff Kindred Nursing Centers East is a Kentucky corporation. (Doc. 91 at 1.) Defendant Estate of Barbara Nyce is a Vermont estate created pursuant to Title 14 of the Vermont Statutes Annotated. Defendants Kinsley Nyce and Roger Nyce are residents of Ohio and Massachusetts, respectively. (Doc. 90 at 1.) Third-party defendant Stuart Bennett, Esq. is a Vermont resident. Third-party defendants Stuart M. Bennett, P.C. and Bennett & Zaikowski, P.C. are Vermont professional corporations.

The case originated as a simple collections dispute between Kindred—which supplied nursing care to the late Barbara Nyce in the final years of her life—and her estate and sons. That aspect of the case has been resolved by the acceptance of Medicaid reimbursement by Kindred and a determination by the Medicaid administrator that no further payment is due from the estate.

1

(*See* Doc. 88 at 2 ("The parties now agree that the payments to Plaintiff by the Vermont Medicaid program represent payment in full for the nursing home services provided to Barbara Nyce.").)

In a twist, it became necessary for Kindred to open an estate on behalf of Barbara Nyce in order to bring suit. Neither surviving son had opened an estate themselves. The attorney selected by Kindred for this task, Renee Mobbs, has filed cross-claims against the two sons seeking to recover funds they received from their mother during her lifetime. (Doc. 20.)

Kindred seeks payment from the sons of the money it has spent on attorneys fees in this matter. (Doc. 97 ¶ 44.)

Roger Nyce has never appeared in this case. There is a dispute among the parties over whether he has been served. The issue has not been resolved through a motion for default or in some other fashion. (*See* Doc. 103 at 1–2.)

Kinsley Nyce has appeared and has filed claims of his own against Kindred. He seeks indemnification for his attorney fees. (Doc. 98.) He has filed a third-party action against Attorney Bennett, Stuart M. Bennett, P.C., and Bennett & Zaikowski, P.C., seeking indemnification in connection with an alleged shortcoming in the execution of the power of attorney by which he conveyed his mother's interest in her home to himself and his brother in 2006. (Doc. 37.) He alleges that Bennett committed attorney malpractice when he served as both the notary public and the witness in violation of 14 V.S.A. § 3503(a) when Ms. Nyce executed the power of attorney.

The issue before the court on the motion for summary judgment filed by the Bennett defendants (Doc. 110) is whether the transfer of the home to the sons as joint tenants with right of survivorship at the time of her death renders any defect in the power of attorney moot.

2

## FACTS NOT IN DISPUTE

The following facts are not in dispute.

On August 25, 2006, nine years before her death, Barbara Nyce conveyed an interest in her residence at 2 Wild Ginger Lane in Shelburne, Vermont to her sons. She made both her sons joint tenants with right of survivorship. She retained a joint tenancy for herself and continued to live in her home. There is no claim that the deed which she executed to accomplish this transfer is defective in any way. (Doc. 110-1, Statement of Undisputed Material Facts ("SUMF"), ¶ 1.)

At the same time that she transferred her interest in the property to her sons, she executed a power of attorney. The power of attorney became effective only if she lost competency. The power of attorney was defective because her attorney Stuart Bennett served as witness and notary public in violation of 14 V.S.A. § 3503(a). For purposes of the motion for summary judgment, the court will assume that any transfer of Ms. Nyce's joint interest in the property undertaken through the use of the power of attorney is ineffective because of the defect in its execution.

Eight years later in March 2014, Ms. Nyce was admitted to a nursing home in Burlington operated by Kindred. In August 2014, Kinsley Nyce made use of the defective power of attorney to transfer his mother's one-third interest in 2 Wild Ginger Lane to himself and his brother Roger.

Ms. Nyce died in May 2015.

During the course of this litigation, the house was sold to a third-party and the sales proceeds have been held in escrow pending resolution of the case.

## ANALYSIS

In Vermont, the elements of a legal malpractice claim are the same as for any negligence claim: a legal duty; a breach; proximate cause and damages. *See Clayton v. Unsworth*, 2010 VT

84, ¶ 17, 188 Vt. 432, 8 A.3d 1066. For purposes of summary judgment, there is no dispute between the parties that Bennett owed Ms. Nyce a duty to draft a power of attorney which would be an effective instrument if it was ever called upon to transfer title. There is also no dispute that the power of attorney does not meet Vermont requirements for valid execution. The lawyer should not have served as witness and notary public.

The provisions of the Vermont statutes governing powers of attorney were enacted in 2002. *See* 14 V.S.A. §§ 3501–3516. In comprehensive fashion, these provisions govern creation, execution, scope, duties, and revocation of powers of attorney. Section 3503(a) contains explicit requirements for execution including the prohibition against the appearance of the same individual as notary public and witness. Section 305 of Title 27, a much older provision, gives teeth to the formal requirements for execution of a power of attorney.

> A deed or other conveyance of lands or of an estate or interest therein, made by virtue of a power of attorney, shall not be of any effect or admissible in evidence, unless such power of attorney is signed, witnessed by one or more witnesses, acknowledged, and recorded in the office where such deed is required to be recorded.

27 V.S.A. § 305(a).

In *CCO Mortgage Corp. v. Kissel*, No. 101-2-06 Wmcv, 2007 WL 7029107 (Vt. Super. Ct. Feb. 21, 2007), the trial court ruled that these two provisions, read in conjunction, invalidated a mortgage deed executed without a witness. *See also New York Life Ins. Annuity Corp. v. Ashworth*, No. 5:12-CV-215, 2014 WL 1681710, at *6 (D. Vt. Apr. 28, 2014) ("[Section 3503] evinces a clear legislative intent to ensure that principals do not execute powers of attorney unadvisedly or in the absence of certain procedural safeguards.").

There can be little doubt that the conveyance of Ms. Nyce's interest in her real property to her sons by use of the defective power of attorney was a nullity. It does not qualify for any of

the exceptions to § 3503(a) for powers of attorney which identify the property and are valid for no more than 90 days or arise in other settings not relevant here. *Cf.* 14 V.S.A. § 3502(d). No party here contends that the conveyance was valid. All agree that the attorney made a mistake when he served as witness and notary public.

Turning to the question of causation of damage, however, Kinsley Nyce has failed to demonstrate that the scrivener's error caused any damage. The transfer may have been invalid when Kinsley Nyce made use of the power of attorney in August 2014. When his mother died in 2015, however, her death removed any doubt concerning ownership of the property. Title passed at that time to Kinsley Nyce and his brother as surviving joint tenants. *See* 27 V.S.A. § 2(b)(2)(B) ("Upon the death of a joint tenant, the deceased joint tenant's interest shall be allocated among the surviving joint tenants, as joint tenants, in proportion to their respective joint interests at the time of the deceased joint tenant's death.")

At most, Kinsley Nyce has a claim that he and his brother should have been sole owners between August 2014 and May 2015 and that the error in execution of the power of attorney delayed the transfer over the course of these months. In theory, Ms. Nyce's continued ownership of the property as one of three joint tenants may have had financial consequences for her Medicaid eligibility or in some other way. It is unnecessary to answer that question, however, because both the issue of Medicaid eligibility and the question of payment in full for her nursing services at the Kindred facility have been settled in favor of her estate. Kindred has accepted a payment from the Vermont Medicaid administrator in full settlement of her account.

Kinsley Nyce contends that the Bennett defendants must remain parties in the case to indemnify him for any claim by the estate of fraudulent conveyance related to his use of the power of attorney.

> The Estate itself has also brought extensive cross claims against Kinsley and Roger Nyce including ¶ 9 which alleges that the August 20, 2014 transfer was invalid and that the property belongs to the Estate. Both Kindred's *Second Amended Complaint* and the Estate's *Cross-claims* therefore implicate the availability of Mrs. Nyce's remaining interest in her home to satisfy them. This is what makes the third party defendants' motion regarding the joint tenancy and the consequences of her death so germane.

(Doc. 111 at 2.) The Estate takes no position on the question of whether Kinsley Nyce is entitled to indemnification from Bennett. (Doc. 112 at 1.) It continues to seek a judgment against the two sons, including a declaratory judgment that the August 2014 quitclaim deed is void. (Doc. 112 at 1–2.)

The question for the court is whether there is record evidence which could, if believed, support a claim of indemnity against Bennett. There is no claim by Kinsley Nyce of direct damages. He does not contend that he incurred extra expenses or lost money as a result of the nine month delay in the transfer of his mother's interest in the property to the two sons. He writes only that "if there are any resulting losses suffered by Kinsley Nyce because of the defective power of attorney, he is entitled to implied indemnification." (Doc. 111 at 3.)

At this point, three years after execution of the power of attorney, third-party defendant Bennett is entitled to more than a statement of the claim as a hypothetical. Either there is some claim for which indemnity is appropriate or there is not. The only possible claim is the claim by the Estate which originally identified the power of attorney as at once defective and also as a basis for the fraudulent-conveyance claim. (Doc. 64 ¶ 64 ("Upon information and belief, the transfer of Defendant Barbara L. Nyce's Funds and Real Property to Defendant Kinsley F. Nyce and Defendant Roger G. Nyce, were effectuated for the purpose of delaying, hindering, or defrauding Defendant Barbara L. Nyce's creditors, including Plaintiff.").)

6

The defect in the power of attorney makes the fraudulent-conveyance claim against the Nyce sons weaker, not stronger. An enforceable conveyance might be seen as a transfer of assets without consideration for the purpose of defeating Ms. Nyce's principal creditor which was her nursing home. But an ineffective conveyance is just that—a nullity. It might show bad intentions but no party has identified any further effect after the death of Ms. Nyce. The fraudulent-conveyance claim primarily concerns the cash—almost $600,000—which the Estate claims Kinsley Nyce and his brother withdrew from their mother's accounts between June 2013 and August 2013. (Doc. 54 ¶ 60.)

Kinsley Nyce has failed to identify any claim against him or other damage arising from the mistake in the execution of the power of attorney. In the absence of any evidence that the mistake caused actual injury to him, he cannot state a claim for legal malpractice. For this reason, the court GRANTS the motion for summary judgment filed by the third-party defendants (Doc. 110).

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 3 day of October, 2017.

Geoffrey W. Crawford, Judge
United States District Court